**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

FEB 14 2018

BY_____ARTHUR JOHNSTON_____DEPUTY

**OLA KIRK**                                                      **PLAINTIFF**

**VS.**                                        **CAUSE NO.** 3:18-CV- 95-LG-LRA

**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY;**
**MARSHALL L. FISHER, CHAIRMAN OF THE**
**MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY;**
**AND CHRISTOPHER GILLARD, CHIEF OF THE**
**MISSISSIPI DEPARTMENT OF PUBLIC SAFETY,**
**INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY;**
**AND ALBERT SANTA CRUZ, INDIVIDUALLY AND**
**IN HIS OFFICIAL CAPACITY**                           **DEFENDANTS**

<u>**COMPLAINT**</u>

<u>**JURY TRIAL REQUESTED**</u>

**COMES NOW** the Plaintiff herein, **OLA KIRK**, (hereinafter referred to as "Plaintiff

Kirk"), by and through counsel, and files this "Complaint" against the **MISSISSIPPI**

**DEPARTMENT OF PUBLIC SAFETY,** an Agency of the State of Mississippi (hereinafter

referred to as "Defendant MDPS" or "the Agency"), **MARSHALL L. FISHER, CHAIRMAN**

**OF THE MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY,** (hereinafter referred to as

"Defendant Fisher"), **CHRISTOPHER GILLARD, CHIEF OF THE MISSISSIPPI**

**DEPARTMENT OF PUBLIC SAFETY, INDIVIDUALLY AND IN HIS OFFICIAL**

**CAPACITY,** (hereinafter referred to as "Defendant Gillard") and **ALBERT SANTA CRUZ,**

**INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY** ("Defendant Santa Cruz") and in

1

support thereof, Plaintiff Kirk would show unto the Court the following, to-wit:

## INTRODUCTION

1.      Plaintiff Kirk charges Defendant MDPS with unlawful employment practices on

the basis of her sex and gender (*female*) and retaliation in violation of *42 U.S.C. § 2000e, et seq.,*

*Title VII of the Civil Rights Act of 1964, as amended* (hereinafter "Title VII"); and Plaintiff Kirk

brings claims under 42 U.S.C. Section 1983 for the intentional discrimination and retaliation

against Defendants, Santa Cruz and Gillard because of Plaintiff Kirk's membership in a

protected class, being a female; violation of the Equal Protection Clause of the Fourteenth

Amendment.

2.      Plaintiff Kirk further charges that she was subjected to retaliation and reprisal by

Defendants, MDPS, et al in violation of the First Amendment to the United States Constitution;

and charges Defendant MDPS, Santa Cruz and Gillard with retaliation for failing to promote her

because of her complaint of discrimination and her opposition to sex and gender discrimination

(female) in the promotional practices of the Defendant MDPS under 42 U.S.C Section 1983; and

for First Amendment retaliation for taking adverse action against Plaintiff Kirk for having filed a

lawsuit for sexual discrimination in violation of Title VII as such claims are actionable under 42

U.S.C. Section 1983. *Vega v. Hempstead Union Free Sch. Dist., 801 F. 3d 72 (2nd Cir. 2015).*

3.      Plaintiff Kirk filed a Charge of Discrimination and Retaliation with the U.S.

Equal Opportunity Commission ("EEOC") in January 2016 against the Defendant, MDPS,

regarding her denial of promotion. After the initial Charge, Plaintiff Kirk amended the Charge in

May 2016 after she was denied a promotion by the Defendant MDPS in April 2016, claiming

that her failure to be promoted was based upon her sex and gender (female) and in retaliation for

her filing the January 2016 Charge against her employer, Defendant MDPS.

4.      Plaintiff Kirk in July 2014, filed her lawsuit against the Defendants MDPS, et al and she successfully challenged the denial of her promotion in July 2013, that subject action being *"Ola Kirk v. Mississippi Department of Public Safety, Albert Santa Cruz and Donnell Berry, Civil Action No. 3:14-CV-537-WHB-RHW."*   In February 2017, after a trial on the merits, the jury rendered a verdict for Plaintiff Kirk against her employer, Defendant MDPS for sexual and gender discrimination for failing to promote her to Lieutenant in July 2013; and that Defendants Santa Cruz and Berry violated the equal protection rights of Plaintiff Kirk based upon her sex and gender (female).

5.      The lawsuit against the Defendant MDPS, et al filed by Plaintiff Kirk that resulted in the favorable Title VII verdict in February, 2017 will be referred to as **"Kirk I"** and the present action being filed herein will be referred to as **"Kirk II"** for reference purposes and to distinguish the two (2) similar actions before this Court of Plaintiff Kirk against her employer, Defendant MDPS, and Defendants Fisher, Santa Cruz and Fisher.

6.      During the pendency of Kirk I, Plaintiff Kirk continued to be denied a promotion on account of her sex and gender (female) and she was subjected to retaliation and reprisal by Defendants MDPS, Santa Cruz and Gillard.  Plaintiff Kirk filed charges in January 2016 and May 2016 regarding her being denied a promotion by the Defendants MDPS, Santa Cruz and Gillard.  The May 2016 Charge was filed with the EEOC when Plaintiff Kirk was denied a promotion in April 2016 for the same LT position that was the subject of litigation before this Court in Kirk I.

7.      Furthermore, as the result of an investigation by the U. S Equal Employment Opportunity Commission in regard to the sexual and gender discrimination and retaliation charges of Plaintiff Kirk brought against the Defendant MDPS in 2016, a "Determination" was

3

made by the EEOC in July, 2017 that Plaintiff Kirk was subjected to sexual and gender discrimination (female) and retaliation in violation of Title VII by her employer and Defendant MDPS.

8.      Plaintiff Kirk was issued a "Right to Sue" the Defendant, MDPS, by the United States Department of Justice ("DOJ") in November 2017 in regard to the failure to promote claim in 2016; and Plaintiff Kirk is filing this action in a timely manner as required in the "Right to Sue" issued by the DOJ regarding the "Determination" made by the EEOC that Plaintiff Kirk was subjected to sex and gender (female) discrimination and retaliation for having engaged in a protected activity in violation of Title VII.

9.      Plaintiff Kirk continues to be a long time dedicated employee of the Defendant MDPS that is seeking relief from this Court in this action, **Kirk II**.  Plaintiff Kirk seeks, *inter alia*, for her employer and officials of the Defendant MDPS to comply with federal law and to promote candidates based upon objective factors such as skill, knowledge and professional experience rather than subjective ones that denied her promotions in the past, the last occasions being in July 2013 and April 2016.

10.      Plaintiff Kirk is seeking this Court to enjoin Defendants MDPS, et al from engaging in sexual and gender discrimination against females; and to enjoin the Defendant MDPS from engaging in unlawful employment practices in the promotion of candidates and fellow officers within the Defendant MDPS.

11.      Defendant MDPS's General Order 5.13 issued by Defendant Santa Cruz in January 2012 and revised in 2014 provides for appointment procedures based upon a candidate's "skill, knowledge and professional experience."  Plaintiff Kirk, a female, contends that the promotional practices that denied her a promotion from July 2013 to April 2016 uses as its sole

criteria for promotion a subjective interview and scoring process without regard to any other criteria such as educational background, work experience, and overall fitness for the position or the "skill, knowledge and professional experience" of the candidate and this selection and promotional process discriminates against female officers as a class.

12.     From July 2013 to April 2016, Defendant MDPS and its management team members such as Defendants Santa Cruz and Gillard promoted within the Defendant MDPS and disregarded the education, skill and professional experience of the candidates and is thus a "smoke screen" to mask its interview system which is "flawed and lends itself to discrimination" and in the case, *sub judice*, because of the candidates sex and gender (female).  Defendant MDPS and its officials should be enjoined from engaging in this disparate treatment in the promotions within the Agency and in particular the Driver Services Division which is a sub-component of the Defendant MDPS.

13.     Plaintiff Kirk claims that she received different treatment including from July 2013 to April 2016 than that received by similarly situated individuals and that unequal treatment stemmed from a discriminatory intent; and the different treatment was on account of her sex and gender (female).  Plaintiff Kirk seeks an injunction prohibiting this unequal treatment.  *Taylor v. Johnson, 257 F. 3d 470, 473 (5th Cir. 2001).*

14.     The Defendant MDPS should be enjoined from the discriminatory selection process for promotion that subjects female candidates to discrimination and retaliation in the event that they protest this unlawful promotional process that is discriminatory on its face. Management of the Defendant MDPS including Defendant Fisher and Defendant Gillard should be ordered and directed to comply with federal law so as to not discriminate based upon the sex and gender (female) in the promotion of candidates.

15.     Defendant Fisher and Defendant Gillard are the Commissioner and Chief of the Defendant MDPS, respectively and they are being sued in their official capacity in this action under 42 U.S.C. Section 1983. Defendant Gillard was personally involved in the constitutional violation or whose acts that are causally connected to the constitutional violation – the denial of equal protection as guaranteed by the United States Constitution; and for First Amendment retaliation - under Section 1983; and Defendant Gillard is being sued as well individually in this action. *Jabary v. City of Allen, 547 Fed. Appx. 600, 2013 U.S. App. LEXIS 23628 (5th Cir. 2013); Jones v. Lowndes County, Miss., 678 F.3d 344, 349 (5th Cir. 2012) (quoting James v. Texas Collin County, 535 F.3d 365, 373 (5th Cir. 2008); and Moore v. Huse, 578 Fed. Appx. 334, 2014 U.S. App. LEXIS 15223 (5th Cir. 2014) (First Amendment Retaliation). Training*

16.     Defendant Albert Santa Cruz was the Commissioner and Chief of the Defendant MDPS during all material times until his retirement effective January 31, 2017. Defendant Fisher assumed Defendant Santa Cruz's position on February 1, 2017; and Defendant Fisher has served as Commissioner and Chief of the Defendant MDPS since February 1, 2017.

17.     Defendant Santa Cruz is being sued in his official capacity and in his individual capacity under 42 U.S.C. Section 1983, along with Defendant Gillard.  Defendant Santa Cruz, from 2002 until January 31, 2017, was either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation – the denial of equal protection as guaranteed by the United States Constitution – to Plaintiff Kirk.

18.     Defendants Santa Cruz and Gillard subjected Plaintiff Kirk to "adverse action" as a result of her engaging in a protected activity – (1) by filing a charge with the EEOC and protesting the promotional practices utilized by Defendants Santa Cruz and Gillard in promotions within the Driver Services Division of Defendant MDPS; and (2) by filing lawsuit in Kirk I.  As

6

a result, Defendants Santa Cruz and Gillard took adverse action against Plaintiff Kirk for her engaging in a protected activity under Title VII and the First Amendment to the United States Constitution by not promoting her in the Driver Services Division of the Defendant MDPS. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287, 97 S. Ct. 568, 576, 50 L. Ed. 2d 471 (1977).*

19.     Defendants Santa Cruz and Gillard were both deposed in Kirk I days before the promotion of Davenport to the Lieutenant position in Driver Services as alleged herein and as a result, Plaintiff Kirk is asserting a claim against Defendants Santa Cruz and Gillard individually and personally for retaliatory conduct under 42 U.S.C. Section 1983. *Johnson v. Brown, 2010 U.S. Dist. LEXIS 142207 (N.D. N.Y. 2010).*

20.     Defendants Santa Cruz and Gillard intentionally discriminated against Plaintiff Kirk as a result of her membership in a protected class – a female; and retaliated against her for exercising her right to challenge disparate treatment in the promotional practices of the Agency because of her sex and gender; and retaliated against her for engaging in a protected activity for opposing the discriminatory promotional practices of the Defendant MDPS and its officials and Plaintiff Kirk's filing of "Charges" with the EEOC in 2014 and 2016.

21.     Plaintiff Kirk is charging the Defendants MDPS, et al with retaliation against her for filing a lawsuit in Kirk I and for violating the Equal Protection Clause and First Amendment rights of Plaintiff Kirk. *Sir Williams v. Bramer, 180 F. 3d 699, 705 (5th Cir. 1999); and Carpenter v. Miss. Valley State Univ., 807 F. Supp. 2d 570 (N.D. Miss. 2011); and Grimm v. Borough of Norristown, 226 F. Supp. 2d 606, 2002 U.S. Dist. LEXIS 3954 (E.D. Pa. 2002) (regarding the filing of a lawsuit being an activity that is protected by the First Amendment).*

22.     Defendant Fisher is not being sued in his individual capacity in this action, however, Plaintiff Kirk is seeking injunctive relief from this Court.  State officials such as Defendant Fisher when being sued in his or her official capacity for injunctive relief, are persons under Section 1983 because "official- capacity actions for prospective relief are not treated as actions against the State." *Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989)* (explaining that while "state officials literally are persons…., a suit against the official in his or her official capacity is not a suit against the officials but rather a suit against the officer's office.").

### JURISDICTION

23.     Plaintiff Kirk's claims arise under *42 U.S.C. § 2000e, et seq., Title VII of the Civil Rights Act of 1964, as amended,* for engaging in sexual or gender discrimination towards females, including Plaintiff Kirk; and in retaliation in violation of Title VII; and claims arise under 42 U.S.C. Section 1983 for denial of equal protection under the Fourteenth Amendment to the United States Constitution and First Amendment retaliation as alleged herein.  Jurisdiction of this Court over Plaintiffs' claims is based on *42 U.S.C. § 2000e-5; 28 U.S.C. § 1331; and 28 U.S.C. § 1343.*  Plaintiffs' claims for declaratory relief arise under *28 U.S.C. § 2201 and § 2202.*

### PARTIES

24.     Plaintiff ***Ola Kirk*** ("Plaintiff Kirk") is an adult resident citizen of the State of Mississippi residing at her home address of 12 Christian Road, Cleveland MS 38732.  Plaintiff Kirk also resides in her District in accordance with the general orders of the Defendant MDPS.

25.     Defendant ***Mississippi Department of Public Safety*** ("MDPS") is an agency of the State of Mississippi and may be served with process of this Court by serving the agent for

service of process as follows: *Honorable Jim Hood*, Attorney General, Mississippi Attorney General's Office, Walter Siller Building, 550 High Street, Suite 1200, Jackson Mississippi.

26.     Defendant *Marshall L. Fisher*, is the Chairman and Commissioner of the Defendant Mississippi Department of Public Safety; and he may be served with process at his business address of the Department of Public Safety Headquarters, 1900 East Woodrow Wilson Avenue, Jackson, Mississippi.

27.     Defendant *Christopher Gillard*, is the Chief of the Defendant Mississippi Department of Public Safety; and Gillard is the Director of the MHSP and Assistant Commissioner of the Defendant MDPS; and he may be served with process at his business address of the Department of Public Safety Headquarters, 1900 East Woodrow Wilson Avenue, Jackson, Mississippi.

28.     Defendant *Albert Santa Cruz*, is the former Chief of the Defendant Mississippi Department of Public Safety; and he may be served with process at his residential address of 17201 Acorn Drive, Vancleave, MS 39565-6070, or his former business address of Department of Public Safety Headquarters, 1900 East Woodrow Wilson Avenue, Jackson, Mississippi.

29.     At all material times and during the acts alleged herein, Defendants MDPS acted by and through their designees and agents named herein; and that at all material times alleged herein, Defendants Santa Cruz and Gillard had actual knowledge of the asserted discriminatory treatment towards females in the Driver Services Division and were both deliberately indifferent to that discrimination; and both were personally involved and the constitutional wrongdoers.

30.     At all material times and during the acts alleged herein, Defendants Santa Cruz and Gillard had knowledge of the protected activity of Plaintiff Kirk in that she filed a Charge with the EEOC over her failure to be promoted by the Agency because of her sex and gender

(female) and that both were deliberately indifferent to Plaintiff Kirk's protection from retaliation and reprisal for engaging in a protected activity under Title VII; and this retaliation gives rise to a claim under 42 U.S.C. Section 1983 against Defendants Santa Cruz and Gillard.

31.     At all material times and during the acts alleged herein, Defendants Santa Cruz and Gillard engaged in conduct that "set the wheels into motion" that lead to the violation of Plaintiff Kirk's constitutionally protected rights as alleged herein; and Defendants Santa Cruz and Gillard are personally liable for their own acts and conduct as alleged herein that violated the Equal Protection Clause under the Fourteenth Amendment and constituted First Amendment retaliation as alleged herein.

32.     Plaintiff Kirk would show that under the Equal Protection Clause, she has the right to be free from intentional discrimination based upon sex and gender (female) in the failing to promote her over males candidates that were not as qualified as her.  Plaintiff Kirk also engaged in a protected activity under the First Amendment and she was retaliated against by Defendants Santa Cruz and Gillard.  As a result, the actions of Defendants MDPS, Santa Cruz and Gillard gives rise to liability under 42 U.S.C. Section 1983 for such gender discrimination, equal protection violation and First Amendment retaliation.

## FACTS

33.     Plaintiff Kirk is an African American female, born on **November 7, 1955.** Plaintiff Kirk is making claim against her employer, Mississippi Department of Public Safety (hereinafter referred to as the **"MDPS"**), under Title VII of the Civil Rights Act of 1964 as amended (**"Title VII"**), for discrimination because of my sex and gender (*female*) and in retaliation in violation of Title VII.

34.     Plaintiff Kirk began her employment with MDPS in December 1987. Plaintiff
Kirk is a sworn law certified law enforcement officer of the State of Mississippi and served as a
*Master Sergeant* ("M/S") with Defendant MDPS and she served in the Northern Region of the
MDPS, as a District 2 Supervisor; and she served in that position from 2002 until her promotion
from M/S to Lieutenant ("LT") in Driver Services Division of Defendant MDPS effective
September 1, 2017 following the "Determination" made by the EEOC of the Defendant MDPS
engaging in sexual discrimination and retaliation against Plaintiff Kirk in violation of Title VII of
the Civil Rights Act of 1964, as amended.

35.     Plaintiff Kirk engaged in the Defendant MDPS's "promotion and selection"
process after her promotion to M/S in 2002.  Plaintiff Kirk's efforts were unsuccessful.  Plaintiff
Kirk was told that under the policies and procedures of the Defendant MDPS that each candidate
for a position would be evaluated with the <u>objective</u> being to identify those candidates who were
the <u>best qualified to fill the vacancy</u>; that the selection of candidates to fill positions within the
Agency would be lawful; and that employees would not be subjected to discrimination because
of their sex and/or gender in promotional opportunities.

36.     On or about August 28, 2013, Plaintiff Kirk filed her **first** charge of
discrimination against the Defendant MDPS with the EEOC.  This charge related to the failure to
promote Plaintiff Kirk in July 2013 and on or about July 20, 2014, Plaintiff Kirk filed her lawsuit
against the Defendants MDPS, et al over the failure to promote claim that took place in July
2013 claiming, *inter alia*, sex and gender discrimination and violation of the Equal Protection
Clause under 42 U.S.C. Section 1983.

37.     Plaintiff Kirk would show that at the time of her first charge of discrimination
filed with the EEOC and subsequent litigation on Kirk I, Defendant Gillard was a Major with the

Defendant MDPS and he chaired the interview panel that recommended Anthony Cunningham for the promotion over Plaintiff Kirk. Defendant Gillard was aware of the litigation in Kirk I and he was likewise aware of the claim of Plaintiff Kirk in Kirk I that she was subjected to sex and gender discrimination in being denied a promotion in July 2013.

38.     Plaintiff Kirk would show that Defendant Gillard was personally involved in the decision to deny Plaintiff Kirk a promotion to Lieutenant in July 2013; and he recommended to Lt. Colonel Berry, the head of the Highway Patrol, to select Cunningham over Plaintiff Kirk. That recommendation was followed by Lt. Colonel Berry; and Cunningham received the promotion that was sought by Plaintiff Kirk.  Defendant Gillard was also aware of the internal grievance filed by Plaintiff Kirk with the Defendant MDPS regarding her being subjected to discrimination in denied the promotion that was awarded to Cunningham.

39.     Plaintiff Kirk would show that Defendant Gillard now holds the position held by Lt. Colonel Berry ("Berry") with the MDPS during the July 2013 promotion of Cunningham over Plaintiff Kirk. Defendant Gillard destroyed the panel interview notes in Kirk I in violation of the federal record retention act, 29 C.F.R. Section 1602.14, after the interviewing of the candidates in July 2013.  The EEOC has interpreted 29 C.F.R. Section 1602.14, to include interview notes.

40.     In late 2015, Plaintiff Kirk became aware that other M/S candidates in the July 2013 promotional testing were being promoted by management of Defendant MDPS.  Some candidates interviewed had been promoted from M/S to Lieutenant; and one (1) candidate, James Gunter, was promoted to Captain in September 2015.  Plaintiff Kirk was desirous in July 2013 and thereafter in receiving a promotion and advancing in the ranks of the Defendant MDPS.

However, Plaintiff Kirk was denied that opportunity for advancement because of her sex and gender (female).

41.     Plaintiff Kirk would show that she remained a Master Sergeant in the Driver Services Division.  All candidates interviewed for the Lieutenant position in July 2013 were being promoted but for Plaintiff Kirk, despite Plaintiff Kirk scoring the second highest of all candidates but for the promoted candidate, Anthony Cunningham.   Plaintiff Kirk was a female officer and she was being overlooked for promotion and treated differently since she challenged the July 2013 promotion of Cunningham over her and filed the **first** EEOC charge of discrimination with the EEOC in August 2013 and pursued that **first charge** by filing suit in federal court.

42.     Plaintiff Kirk, believing that she was subjected to continued discrimination on account of her sex and gender (female) and that she was being retaliated against for filing her first EEOC charge with the EEOC, went back to the EEOC with additional evidence in support of her claims of disparate treatment and disparate impact and that the promotional polices of the Agency were discriminatory towards females such as her.

43.     On or about January 12, 2016, Plaintiff Kirk filed her **second** charge of discrimination with the EEOC regarding her failure to be promoted because of her sex and gender and in retaliation for having engaged in a protected activity under Title VII.   Plaintiff Kirk alleged, *inter alia,* that the Defendant MDPS "discriminatorily applied its promotional procedures" and that the promotional practices of the Agency constituted disparate treatment towards females and that the Agency's promotional practices have had a disparate impact on females in the Agency and in particular in the Driver Services Division of the Defendant MDPS.

That a copy of the Charge of Discrimination of January 12, 2016, is attached hereto marked *Exhibit "A"* and incorporated herein by reference.

44.     On or about March 8, 2016, the EEOC *received* the Agency's Position Statement regarding the January 2016 Charge filed with the EEOC by Plaintiff Kirk.  Defendant MDPS claimed that the promotional practices of the Agency were in compliance with Title VII and that the Agency has engaged in no practice of any "malice or infractions" with respect to promotional opportunities" and that Plaintiff Kirk had not been subjected to any form of retaliation for her having engaged in a protected activity – filing charges with the EEOC and pursuing her denial of a promotion in July 2013.

45.     Defendant MDPS claimed in the March 2016 Position Statement that *Charge No. 423-2016-00655 (2016)*, was in essence the "nearly identical" to Plaintiff Kirk's *Charge No. 423-2013-02170 (2103)*.   The Agency Position Statement claimed that Natalie Holmes, the HR/Legal Liaison of the Defendant MDPS, personally interviewed among others, Defendant Gillard, in regard to the January 12, 2016 Charge of Plaintiff Kirk claiming discrimination and retaliation in violation of Title VII.

46.     On or about March 9, 2016, the depositions were taken of Defendant Gillard, Defendant Santa Cruz and another representative of the Defendant MDPS in regard to the denial of promotion in July, 2013 – the *first charge* of Plaintiff Kirk filed with the EEOC.  These depositions were taken in regard to the pending lawsuit filed in July, 2014 by Plaintiff Kirk for violations, *inter alia*, of Title VII by Plaintiff Kirk.  The final decision makers, Defendants Santa Cruz and Gillard, were aware of and had "first hand" personal knowledge of Plaintiff Kirk's protected conduct under Title VII.  *Nelson v. Lake Charles Stevedores LLC, 2014 U.S. Dist. LEXIS 46286 (W.D. La. 2014); and Ackel v. Nat'l Communs. Inc., 339 F.3d 376 (5th Cir. 2003).*

14

47.     Plaintiff Kirk would show that Defendant Gillard in his Agency deposition addressed certain matters contained in the March 2016 Position Statement regarding Plaintiff Kirk; and his involvement in the decision-making to promote Anthony Cunningham ("Cunningham") in July 2013. Defendant Gillard defended his recommendation for promotion and claimed that the "*highest score*" received the promotion and that was Cunningham; and he confirmed that there were no other factors considered in the promotion of Cunningham over Plaintiff Kirk.

48.     On or about March 14, 2016, and only days after the depositions taken in Plaintiff Kirk's federal action, Defendant Gillard promoted Richard Dane Davenport ("Davenport") to the Lieutenant position that was vacated when he promoted Lieutenant Cunningham to the position of Captain with the Defendant MDPS. That a copy of the promotion letter from Defendants MDPS and Gillard dated March 14, 2016, is attached hereto marked *Exhibit "B"* and incorporated herein by reference.

49.     Davenport is a Caucasian male, and he had been suspended for three (3) years in regard to a criminal investigation brought by the Mississippi Attorney General's Office in regard to alleged sexual abuse of Davenport's step children. Davenport was suspended from the Defendant MDPS while dealing with allegations and trial that took place in Oktibbeha County Circuit Court and Warren County Circuit Court. Eventually the Attorney General's Office made a decision not to pursue the remaining four (4) counts of abuse that were pending against Davenport.

50.     Defendants MDPS, Santa Cruz and Gillard did not consider this troubling background of Davenport when issuing "Special Order No. 2016-057" promoting Davenport on March 14, 2016. Defendants MDPS, Santa Cruz and Gillard did not take into account the

15

troubled past and suspension of Davenport for three (3) years, the background, educational experience, work performance, skill, knowledge and/or professional experience in the Driver Services Division of the Defendant MDPS when assigning Davenport "Lieutenant duties" in Driver Services.   Defendants MDPS, et al notified the entire chain of command of the assignment and promotion of Davenport including the "legal department" of the Defendant MDPS.

51.     Defendant Gillard also failed to consider that Davenport had scored lower than Plaintiff Kirk in the promotional interviewing for the exact same position in July 2013, when Defendant Gillard served on the interview panel and scored the candidates.  All objective factors and criteria were totally *disregarded* by Defendant Gillard in promoting Davenport. Defendant Gillard then posted the position for application and interviewing after he placed Davenport in the position in March 2016.  This is the same position that Plaintiff Kirk applied for and interviewed in July 2013.

52.     Defendant Gillard ordered and directed the promotion of Cunningham to Captain and he was the decision-maker in the promotion of Davenport to Lieutenant – replacing Cunningham.    Defendant Gillard did not consider the promoting of Plaintiff Kirk to the Lieutenant position in which she scored "second to Cunningham" in the July 2013 panel interview.  Again, a promotional opportunity in the Driver Services Division had been denied Plaintiff Kirk – and the candidate chosen and promoted by Defendant Gillard as was later determined had at best a "troubled and checked employment history" with the Defendant MDPS.

53.     On or about April 5, 2016, Defendant Gillard posted the vacant LT position (already given to Davenport) that is the subject of the current action. Plaintiff Kirk applied for and she was interviewed in April 2016, along with other male candidates including Davenport.

At the time of Plaintiff's interview in April 2016, there had been only a "handful of females" in the LT and higher positions with the Defendant MDPS, *infra*.

54.     Plaintiff Kirk was unaware and <u>did not know</u> that when applying for the same position denied her in July 2013 that Davenport had already in March 2016 been selected by Defendant Gillard as interim Lieutenant for the posted position of LT in the Driver Services Division of the Agency.   Defendant Gillard made the interim promotion of Davenport at or near the time that he promoted Cunningham to the position of Captain – another significant promotion for Cunningham.  Plaintiff Kirk, on the other hand, remained a Master Sergeant, a position that she had held since 2002 – without a promotion because of her sex and gender (female).

55.     On April 27, 2016, Plaintiff Kirk was interviewed along with the male candidates by a three (3) member all-male interview panel consisting of Major Ken Brown, Captain Anthony Cunningham, and Lieutenant Jason Ashley.   The final approval for the promotion was to be determined by Defendant Gillard.

56.     Plaintiff Kirk would show that Anthony Cunningham had been selected over Plaintiff Kirk in the promotional testing of July 2013 and he was on the interview panel.  Despite Plaintiff Kirk having pending litigation over the Cunningham July 2013 promotion, Defendant Gillard selected Cunningham to serve on the Kirk II interview panel and to evaluate the interview performance of Plaintiff Kirk.

57.     Plaintiff Kirk would show that all members of the interview panel were aware of Davenport's appointment as "interim" Lieutenant by Defendant Gillard; and that this was the <u>same position</u> for which the candidates were being interviewed by the panel by Defendant Gillard in March 2016 and <u>before</u> the posting of the LT position.  Major Ken Brown headed this interview panel just like Defendant Gillard did in July 2013.

58.     Plaintiff Kirk would show that Davenport was recommended by Major Brown's panel for the promotion; and Davenport was promoted *again* to Lieutenant in the Driver Services Division of the Agency by Defendant Gillard.   Plaintiff Kirk responded to the interview questions by the all-male panel and just like July 2013, she properly and promptly responded to the interview questions and believed that she had performed well during the panel interview. However, Plaintiff Kirk was not selected for the Lieutenant position – Davenport was selected. That a copy of the rejection letter from Defendants MDPS and Gillard to Plaintiff Kirk dated April 27, 2016, is attached hereto marked *Exhibit "C"* and incorporated herein by reference.

59.     Plaintiff Kirk would show that Davenport was also interviewed for the LT position in July 2013 and Plaintiff Kirk scored higher than Davenport on the 2013 interview scoring. Now, with Davenport's selection, Plaintiff Kirk made inquiry as to the scoring on the interview testing having known that she was much better qualified than Davenport for the LT promotion based upon her skill, knowledge, education and professional experience; and knowing that Davenport had been suspended without pay by the Defendant MDPS for more than two (2) years with pending legal issues. Plaintiff Kirk was provided no response and the Defendant MDPS provided no information on the testing, scoring or selection of a candidate, Richard Davenport, by interview panel and/or Defendant Gillard.

60.     Plaintiff Kirk would show that with Davenport's promotion in April 2016, all candidates interviewed in July 2013 for the LT position were now promoted, other than Plaintiff Kirk. No females had been promoted in the Driver Services Division of the Defendant MDPS – only males. Plaintiff Kirk would show that the promotional practice and subjective selection process was discriminatory on its face and a blatant violation of Title VII and General Order 5.13 of the Defendant MDPS that governs these type of promotion.

61.     On or about May 19, 2016, Plaintiff Kirk's filed her Amended Charge of
Discrimination and Retaliation with the EEOC for, *inter alia*, sexual and gender discrimination
and retaliation in violation of Title VII.   That a copy of the Amended Charge of May 19, 2016,
is attached hereto marked *Exhibit "D"* and incorporated herein by reference.

62.     Plaintiff Kirk would show that the "scheme" that the Defendant MDPS, Santa
Cruz and Gillard engaged in to select applicants for promotion in divisions such as the Driver
Services Division and the entire MDPS is a flawed and discriminatory system that should be
revamped to include criteria that examines an applicant's educational background, reputation for
professionalism, accomplishments over the applicant's tenure with the Agency and any other
objective criteria that weigh on the applicant's background and experience as a whole; and not
on unequal treatment on account of one's sex and gender (female).

63.     Plaintiff Kirk claimed that she had received treatment different from that received
by similarly situated individuals and that the unequal treatment stemmed from a discriminatory
and retaliatory intent on the part of Defendant MDPS.  Plaintiff Kirk, a female, had applied for
multiple promotions within the Defendant MDPS, that she was qualified for the positions for
which she applied and she did not receive the promotions and that the positions were filled by
male candidates.

64.     On or about July 8, 2016, Defendant MDPS submitted a "Position Statement"
in response to Plaintiff Kirk's Amended Charge of May 19, 2016, and claimed that the position
of LT was "awarded to the Officer with the highest score of 44" and that Plaintiff Kirk scored a
"43" on the interview test.  Again, Defendant MDPS claimed that Plaintiff Kirk treated Plaintiff
Kirk "equally and fairly in all its practices, including promotional opportunities" in the Agency
Position Statement.

65.     Plaintiff Kirk would show that she has diligently sought a promotion and that the only issue she had with upper management was the failure to treat her the same as male employees of the Agency and in compliance with Title VII and the Equal Protection Clause.

66.     Plaintiff Kirk would show that *female* employees with the MDPS are treated differently and denied equal opportunity to be promoted from within the MDPS.   There have been only a few females in management within the Agency that includes Lt. Colonel Gayle Mills (being the highest in the Agency and retired August 2015); Kathy Finch, Gayle McMullen, Laura Smith, Cecille Kazyer, Tammie Hall and Plaintiff Kirk. Gayle Mills was recently replaced by a male, Kevin Myers.  There were only six (6) females that are in positions of Master Sergeant and above with the MDPS after the rejection of Plaintiff Kirk in April 2016.

67.     Plaintiff Kirk would show that she responded to the "Position Open Notice" in April 2016, as this would have been a pay increase, additional duties, and an advancement position for her.  Plaintiff Kirk *now* had more years of experience in Driver Services; and she was an exemplary employee.  However, Plaintiff Kirk expected to be promoted by the Agency this time, as well as in 2013, as a result of her qualifications, experience in Driver Services; and her work performance with the Agency.

68.     Plaintiff Kirk has always received high marks and praise for her work performance with the Agency, but she had not been promoted.   Defendants Santa Cruz and Gillard intentionally discriminated and retaliated against her by *manipulating* the promotional practice and policy of the Defendant MDPS to promote "their chosen candidates" regardless of the "*candidate's skill, knowledge and professional experience*" in accordance with the Agency's General Order 5.13; and based upon objective factors rather than solely subjective

20

ones. This perversion of the Agency policies was with the intent to discriminate against female officers as a class; and a violation of Title VII and the Equal Protection Clause.

69.     Plaintiff Kirk was the most qualified candidate interviewed for the LT position in 2013 and again in 2016. The person selected, Richard "Dane" Davenport, interviewed for the LT position along with Plaintiff Kirk in July 2013. Davenport is Caucasian and he scored lower on the interview than Plaintiff Kirk in 2013; and that Plaintiff Kirk was clearly more qualified for the promotion based upon her skill, work experience and training in the Driver Services Division of the Defendant MDPS.

70.     Plaintiff Kirk would show that during the interview of promotional candidates in July 2013 and in April 2016 there were no females in the interview panel, with male members of management making the recommendation for promotion based upon subjective factors resulted in bias and prejudice determining promotions in the Agency. In both July 2013 and April 2016, Plaintiff Kirk was by far the best and most qualified candidate, but she was not selected by the "male dominated" management at Defendant MDPS.

71.     Plaintiff Kirk would show that at the time of the vacancy of the LT position that she had more experience, training and her credentials (*all of the required objective criteria such as years of experience, work performance and qualifications*) than any other candidates that applied for that position. Plaintiff Kirk would show that even though her long term employment with the Defendant MDPS carries with it "*no guarantee of any promotion*" ….to a *successful employee* it is expected that a promotion would be in order. *Ellerbrook v. City of Lubbock, 2012 U.S. App. LEXIS 5366 (5th Cir. Tex. March 14, 2012; Mississippi Employment Sec. Comm'n v. Collins, 629 So. 2d 576 (Miss. 1993); and Section 25-9-149 of the Mississippi Code of 1972, Annotated.*

21

72.     Plaintiff Kirk would show that as M/S in Driver Services that she supervised the day- to -day operations of the Driver Services Division in District II; and she ***actively trained Master Sergeants*** in the Agency including Johnny Delaney, John Harris and John Warren. Plaintiff Kirk trained M/S John Harris and at the time of the training of Harris, he reported to M/S ***Anthony Cunningham.***

73.     Plaintiff Kirk would show that she is the only female Army veteran in the MDPS; and she noted her veteran's status on her application for the LT vacancy and all other occasions for which she has sought promotion and advancement with the Defendant MDPS from 2002 to the present including in July 2013 and April 2016.  On both occasions, Plaintiff Kirk was not selected following her oral interview despite rating second highest by the interview panel on the interviews in 2013 and 2016.

74.     Plaintiff Kirk at the time of the seeking of the 2013 and 2016 promotion to the LT position with the Agency, she had five (5) permanent locations to service – ***Cleveland, Grenville, Greenwood, Grenada and Kosciusko***; and she had four (4) satellite locations:  ***Winona, Lexington, Indianola and Belzoni.***  The MDPS, Driver Services, during her tenure expanded services in Grenada, and Kosciusko, and Plaintiff Kirk has continually been given more duties and responsibilities by the Agency until the filing of her Charge of Discrimination with the EEOC in August 2013 and her lawsuit in July 2014.

75.     Plaintiff Kirk would show that after the filing of her Charge and Complaint challenging the Agency's promotional process, she has had her role diminished in that she has not been requested to serve as "interim" LT like she was doing the week of the July 2013 interview for promotion; she has not been assigned the training of M/S's since July 2013; she has

not been asked to serve in any on any Agency panels or committees by Defendants Santa Cruz and Gillard; and she has *not* been offered a promotion by Defendants Santa Cruz and Gillard.

76.     Plaintiff Kirk would show that the Defendant MDPS had no policies and procedures that (1) governed the interview and selection of a candidate for the vacant LT position, (2) governed the selection process, or (3) governed the committee member's recommendation of the successful candidate to fill the position. The method of scoring the candidates was arbitrary and capricious; and based upon *subjective* criteria by the Agency and approved by upper management.

77.     Plaintiff Kirk would show that the committee members after each interview *compared their scores* with other members; the scoring of the candidates was reviewed and changed, if necessary, by members of the interview committee after a discussion following the interview of each candidate; and scores were tallied; and the highest score on the interview was chosen as the successful candidate by the committee.   Davenport scored 44 and Kirk scored 43 on the interview test and Davenport was selected for the promotion.

78.     Plaintiff Kirk would show that the selection committee members of the Defendant MDPS had no scoring system for *complete* and *partially correct* answers by the candidates; there was no criteria for the questions of the candidates or the scoring of each answer; there were only *six (6) questions* asked each candidate and the questions asked of each candidate were the same.

79.     Plaintiff Kirk would show that in the event that any unsuccessful candidate *challenged* the scoring (or a candidates response to any of the questions) during the interview/testing, there was no means to do so. The candidate selected by the committee and recommended for promotion was based *solely* upon the scoring in the oral promotional interview.

80.     Plaintiff Kirk would show that the candidate's education, work experience, work record, training of personnel, length of service, accommodations, job performance with the Agency, and veteran's points, were ***not factored in the final score*** and the ***recommendation*** of the selection committee.   Plaintiff Kirk would show that candidates in the Driver Services Division have been promoted on subjective scoring and not based upon objective factors such as those referenced above.

81.     The Defendant MDPS and its officials were well aware of Plaintiff Kirk's desire for advancement with the Agency.  Plaintiff Kirk contends that female employees with the Defendant MDPS are treated differently and denied equal opportunity to be promoted from within the Defendant MDPS.  The scoring system and method of promotion by the MDPS has had a disparate impact on females within the Agency such as Plaintiff Kirk; and the unlawful promotional practices allow for favoritism, dislikes, and bias in the selection process.

82.     Plaintiff Kirk would show that male employees of the Defendant MDPS are treated preferentially and selected by management that has allowed male employees that are less qualified, as in the case of Plaintiff Kirk, to be promoted while ***female employees*** have been treated differently.   Plaintiff Kirk filed internal grievances regarding this disparate treatment in 2013 and in 2016.  Defendants MDPS, et al simply ignored those grievances. Plaintiff Kirk would further show that the promotional process and promotional practices of the MDPS at all material times alleged herein has had a ***disparate impact*** on females seeking advancement in the MPSD.

83.     Plaintiff Kirk would show that in April 2016, the weight and significance in the qualifications for those that applied for the vacant position, as compared to Plaintiff Kirk, were

such that no reasonable person could have selected Richard "Dane" Davenport (*"**Davenport**"*) over Plaintiff Kirk for the position of LT.

84.     Plaintiff Kirk would show that in July 2013 and April 2016, but for the flawed and unlawful selection/promotional process of the Agency for the position of LT, Plaintiff Kirk would have been selected as the most qualified candidate to fill the LT position in Driver Services.  Plaintiff Kirk had all the qualities provided for under the Agency's promotional policy – that promotions would be based upon objective factors rather than the "subjective selection" of a candidate for promotion.

85.     Plaintiff Kirk contends that the selection process of the Defendant MDPS in the case, *sub judice*, was and is subjective, prejudicial to females; lacked objective criteria in the selection process; failed to comply with the General Orders of the MDPS regarding promotional practices; that the subjective promotional practices and "testing of candidates" as in the case, *sub judice*, was discriminatory abuse towards females.  *Bazile v. City of Houston, 858 F. Supp. 2d 718 (S.D. Tex. Feb. 6, 2012).*

86.     Plaintiff Kirk would show that the LT promotional testing did not test the entire "*job domain*" and the discriminatory testing for the LT position are impermissible; and the subjective reasoning for not selecting a candidate, such as solely based upon an "interview" and "scoring during that interview" by the three (3) members of the selection committee does not constitute a legitimate, non-discriminatory reason for Plaintiff Kirk's non-selection.  *Alvarado v. Texas Rangers, 492 F. 3d 605 (5th Cir. 2007).*

87.     Plaintiff Kirk would show that the selection of Richard Dane Davenport over her was discriminatory and retaliatory in violation of Title VII.  Davenport's promotion to LT in April 2016 was in violation of Title VII of the Civil Rights Act of 1964, as amended.  Defendant

Gillard had already pre-selected Davenport based upon his "subjective decision-making" and not based upon objective criteria pursuant to the general orders of the Agency. The pre-selection of Davenport occurred only days after Defendant Gillard's deposition in Kirk I.

88.     Plaintiff Kirk would show that the method of "scoring the candidates" for the LT position is at least consistent with discriminatory intent as Plaintiff Kirk received the low interview scores on account of her sex. In the present case, the all-male panel compared their scores and scores were changed; and the promotion was based *__solely on the interview test results__* according to Defendant MDPS. See: *Alvarado v. Texas Rangers, 492 F.3d 605, 617, 2007 U.S. App. LEXIS 16928, 90 Empl. Prac. Dec. (CCH) P42950, 100 Fair Empl. Prac. Cas. (BNA) 1793 (5th Cir. Tex. 2007).*

89.     In the case, *sub judice*, Defendants Santa Cruz and Gillard were *__inextricably intertwined__* in the selection process for the promotions in July 2013 and April 2016 when Plaintiff Kirk sought a promotion. Defendant Gillard promoted the successful candidate in 2013, Anthony Cunningham to Captain and he appointed Davenport to the LT position in March 2016. As a result of these intentional acts Plaintiff Kirk was subjected to retaliation on the part of Defendant Gillard for having exercised her right to which she was entitled, that being the filing of a Charge of Discrimination with the EEOC. Defendant Gillard engaged in gender and sex bias in promoting Davenport over Plaintiff Kirk.

90.     Defendant MDPS and its management team denied the promotion to Plaintiff Kirk because of her sex and gender and for her having protested her unlawful denial of a promotion on July 2013 and in 2016.  Defendants Albert Santa Cruz and Gillard were personally involved in the intentional discrimination and retaliation for which Plaintiff Kirk was subjected

to after her protected activity of filing a Charge with the EEOC over her failure to be promoted in July 2013 and September 2015 by the Agency.

91.     Plaintiff Kirk would show that she was and is the "clearly better qualified" candidate and that this standard "should be understood to mean that disparities in qualifications must be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Bright v. GB Bioscience Inc.*, 305 F. App'x 197, 205 n.8 (5th Cir. 2008) *(quoting Deines, 164 F.3d at 280-81); and Churchill v. Tex. Dep't of Crim. Justice, 539 Fed. Appx. 315 (5th Cir. 2013).*

92.     Plaintiff Kirk would show that other employees not of the sex and gender of Plaintiff Kirk (female) have been *similarly situated* and they have been treated more favorably than her; and that other employees that have not challenged their adverse employment action such as a denial of a promotion have not been treated like Plaintiff Kirk.

93.     Plaintiff Kirk has been denied a promotion to the position of Lieutenant in July 2013 and again in April 2016. Plaintiff Kirk would show that Defendant MDPS promoted Plaintiff Kirk, in part, after she successfully challenged the promotion in this Court in the lawsuit styled *"Ola Kirk v. Mississippi Department of Public Safety, et al, Civil Action No. 3:14-CV-537-WHB-RHW"* and the jury verdict rendered in February 2017.

94.     Plaintiff Kirk would show that she was denied promotion by the Agency on the basis of sex, female; and that the Defendant MDPS has engaged in a "pattern and practice" of sexual and gender discrimination of females and preferential treatment to male employees in the area of promotion in violation of federal law. *Harvill v. Westward Communications, LLC, 433 F. 3d 428 (5th Cir. 2005).*

27

95.     Plaintiff Kirk would show that the Defendants MDPS, et al chose a candidate to fill the LT position, Richard Dane Davenport, based upon unlawful criteria; and the subjective selection of Davenport occurred just like Anthony Cunningham's promotion over Plaintiff Kirk in July 2013. *Tex. Dept. Cmty. Affairs v. Burdine, 450 U.S. 248, 259 (1981).*

96.     Plaintiff Kirk would show that the EEOC issued a "Letter of Determination" on or about July 13, 2017, finding, inter alia, that Plaintiff Kirk had been subjected to sexual and gender discrimination; and retaliation in violation of Title VII; and that a copy of the "Letter of Determination" of the EEOC is attached hereto and marked *Exhibit "E"* and incorporated herein by reference.

97.     Plaintiff Kirk seeks from this Court any and all relief available to her under Title VII, including back pay; and any other damage to which she is entitled under Title VII, including attorney's fees and costs incurred; and Plaintiff Kirk seeks *injunctive relief* to be free from *any more retaliation and/or reprisal* for her having engaged in a protected activity by filing a Charge with the EEOC over the denial of her promotion in July 2013.

98.     Plaintiff Kirk filed her charge of discrimination and retaliation with the EEOC and after obtaining a *"Right to Sue"* issued by the United States Department of Justice, dated November 24, 2017, has complied with all the judicial prerequisites for the bringing of this action before this Court.   That a copy of the Notice of Right to Sue within 90 Days" and the Charge/Amended Charge filed with the EEOC in regard to the denial of promotion in April 2016, is attached hereto marked *Exhibit "F"* and incorporated herein by reference.

## COUNT I

99.     Plaintiff Kirk re-alleges and hereby incorporates by reference and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained therein.

100.    Plaintiff Kirk would show that the Defendant MDPS's reason for promoting candidates, including Richard Dane Davenport, is not true, but instead is a pretext for sexual and gender discrimination against Plaintiff Kirk; and that the acts and conduct of Defendant MDPS in the promotion Davenport over Plaintiff Kirk in April 2016 is a blatant violation of Title VII that constitutes sex and gender discrimination against females such as Plaintiff Kirk.

101.    Defendant MDPS's promotional practices in the Driver Services Division were and are discriminatory towards females as a class; and that the promotional practices constitute disparate treatment; violates General Order 5.13 of the Agency that provides that promotions would be based upon the skill, knowledge and professional experience with the Agency; and that this Court should provide such injunctive relief as may be necessary to prevent the Defendant MDPS from engaging in sex and gender discrimination as alleged herein.

102.    Plaintiff Kirk was unlawfully discriminated against based of her sex and gender (female) and in violation of federal law that prevents discrimination on the account of sex and gender; and Plaintiff Kirk seeks any and all remedies and damages available to her as a result of the aforementioned acts and conduct that were in violation of Title VII including actual and compensatory damages, and any appropriate injunctive relief and/or equitable relief to which Plaintiff Kirk is entitled under Title VII.

## COUNT II

103.     Plaintiff Kirk re-alleges and hereby incorporates by reference and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained therein.

104.     Plaintiff Kirk would show that she participated in statutorily protected activity – she complained about her non-selection on account of a prohibited factor and she filed Charges with the EEOC in 2013 and 2016.  Plaintiff Kirk was entitled to protection under Title VII for reporting discriminatory employment practices.

105.     Plaintiff Kirk made allegations of sex and gender bias against her employer and an investigation by the EEOC resulted from the Charge.  Prudent employees would have good reason to "keep quiet about Title VII offenses" against their employer if an employer could *punish employees* who reported discrimination or filed charges like Plaintiff Kirk with the EEOC.  Plaintiff Kirk would show that the purpose of the anti-retaliation clause under Title VII is to "maintain unfettered access to statutory remedial mechanisms." *Robinson v. Shell Oil Co., 519 U.S. 337, 346, 117 S. Ct. 843, 136 L. Ed. 2d 808 (1997); and Carpenter v. Miss. Valley State Univ., 807 F. Supp. 2d 570 (N.D. Miss. 2011).*

106.     Plaintiff Kirk would show that she alleged sexual and gender discrimination following the denial of a promotion in July 2013 and she was again later passed over for promotion; she was not longer appointed "interim LT"; she was denied the training of Master Sergeants after the filing of her EEOC Charge in 2013 and lawsuit in July 2014, and Plaintiff Kirk became isolated by management that impacted her ability to perform her job duties.  As a result, Plaintiff Kirk filed her second Charge with the EEOC in January 2016 alleging discrimination and retaliation in violation of Title VII.

107.    Plaintiff Kirk was denied a promotion in April 2016, and that merely days before Davenport was appointed to the LT position, Defendant Gillard and Santa Cruz's depositions were taken in Kirk I in which Plaintiff Kirk charged that she had been subjected to sexual and gender discrimination in the workplace.

108.    Plaintiff Kirk would show that after she engaged in a protected activity under Title VII, she was summarily denied a promotion after the filing of the EEOC Charge in August 2013, and then again when Plaintiff Kirk sought promotion to the ***exact same position*** she applied, was interviewed, and denied a promotion by Defendants MDPS, Santa Cruz and Gillard in July 2013.    *See Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 407-08 (5th Cir. 1999); Dollis v. Rubin, 77 F.3d 777, 781 (5th Cir. 1995); Shirley v. Chrysler First, Inc., 970 F.2d 39, 42 (5th Cir. 1992).*

109.    Plaintiff Kirk would show that in the event that she "complain[ed] to her employer" in connection with an employer's alleged discrimination, then the employee's activities are entitled to protection under Title VII. *Kubicko v. Ogden Logistics Servs., 181 F.3d 544, 551 (4th Cir. 1999).*

110.    Plaintiff would show that she can establish a ***convincing mosaic of circumstantial evidence*** that would permit a reasonable trier of fact to infer discrimination and retaliation on the part of the Defendant MDPS and it male management team; and that those actions were unlawful and in violation of Title VII.

111.    Plaintiff Kirk would show that evidence of a temporal proximity is also soundly established as Kirk I was pending in litigation at the time of the denial of the promotion of Plaintiff Kirk in 2016; and Defendants MDPS, et al had given depositions in Kirk I just days before Davenport was promoted by Defendant MDPS and Defendant Gillard on or about March

31

14, 2016. *Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 273, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001).*

112.     As a result of the acts and conduct as alleged herein, Plaintiff Kirk seeks any and all remedies and damages available to her as a result of the aforementioned acts and conduct in violation of the provisions of *Title VII* including but not limited to, actual, and compensatory damages as a result of the acts and conducts of the Defendant MDPS as alleged herein.

113.     Plaintiff Kirk would further show that that acts and conduct of the Defendant MDPS and it male management team were engaged in to cause her emotional distress; and did cause Plaintiff emotional distress; and the acts and conduct that she was subjected to in the workplace entitle Plaintiff to seek recovery for actual and compensatory damages or her psychological injuries that occurred as a result of the actions of Defendant MDPS.

## COUNT III

114.     Plaintiff Kirk re-alleges and hereby incorporates by reference and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained therein.

115.     Plaintiff Kirk would show that Title VII's disparate impact charge against the Defendant MDPS, et al prohibits *neutral* employment practices which, while non-discriminatory on their face, constitute an adverse, disproportionate impact on a statutorily-protected group.

116.     Plaintiff Kirk would show that like disparate treatment, the disparate impact theory does not require proof of the defendant's subjective gender or sexual animus or intent to discriminate. The theory of disparate impact, as in the case, *sub judice*, is a doctrinal surrogate for eliminating unprovable acts of intentional discrimination hidden innocuously behind <u>facially-</u>

neutral policies or practices such as are being practiced by the MDPS in the promotional process as in the case, *sub judice*.

117.    Plaintiff Kirk would show that the primary purpose of Title VII was and is to assure equality of employment opportunities; and to eliminate discriminatory practices and devices which have fostered gender bias job environments and have served to cause women to be subjected to being disadvantage in the work force.  The promotional practices of the Defendant MDPS blatantly violate the purpose, spirit and intent of Title VII to ensure equal opportunity regardless of one's sex and gender; and discriminated against female officers such as Plaintiff Kirk on account of their sex and gender – being a female.

118.    Plaintiff Kirk would show that the promotional process of the MDPS has a disparate impact on females applying for promotion within the MDPS; and that as a result thereof, Plaintiff Kirk seeks any and all remedies and damages available to her as a result of the aforementioned acts and conduct that were in violation of Title VII.

## COUNT IV

119.    Plaintiff Kirk re-alleges and hereby incorporates by reference and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained therein.

120.    Plaintiff Kirk would show that the Defendants Santa Cruz and Gillard, by their actions and conduct, have violated the equal protection rights of Plaintiff Kirk.  Defendants Santa Cruz and Gillard were personally involved in the deprivation and their actions and conduct deprived Plaintiff Kirk of equal protection under the Fourteenth Amendment to the United States Constitution and pursuant to *42 U.S.C. §1983*; and in the retaliation against Plaintiff Kirk for

having engaged in a protected activity under Title VII. That action deprived Plaintiff Kirk of a warranted promotion in April 2016.

121.    Plaintiff Kirk would show that Section 1983 liability should be "*'read against the background of tort liability that makes a man responsible for the natural consequences of his actions.'*" *Martinez v. Carson, 697 F.3d at 1255 (quoting Monroe v. Pape, 365 U.S. 167, 187, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961), overruled in part by Monell v. Dep't of Soc. Servs., 436 U.S. at 663).* "*Thus, Defendants are liable for the harm proximately caused by their conduct.*" *Martinez v. Carson, 697 F.3d at 1255 (citing Trask v. Franco, 446 F.3d at 1046).* As the Court has previously concluded, "a plaintiff who establishes liability for deprivations of constitutional rights actionable under 42 U.S.C. § 1983 is entitled to recover *compensatory damages for all injuries suffered as a consequence of those deprivations.* The recovery should be guided by common-law tort principles -- including principles of causation . . . ." *Train v. City of Albuquerque, 629 F. Supp. 2d 1243, 1251 (D.N.M. 2009)(Browning, J.).*

122.    Defendants Santa Cruz and Gillard were personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation; and thus they are liable under Section 1983 for those deprivations. *Jabary v. City of Allen, 547 Fed. Appx. 600, 2013 U.S. App. LEXIS 23628 (5th Cir. 2013).* The personal involvement requirement is satisfied where "the failure to supervise . . . was so severe as to reach the level of 'gross negligence' or 'deliberate indifference' to the deprivation of the plaintiff's constitutional rights." *Owens v. Haas, 601 F.2d 1242 (2d Cir.) cert. denied, 444 U.S. 980, 100 S. Ct. 483, 62 L. Ed. 2d 407 (1979).*

123.    Plaintiff Kirk would show that the actions of the Defendant MDPS and its designees named herein, Santa Cruz and Gillard, and under the color of law under *42 U.S.C. §1983* have violated the Fourteenth Amendment to the United States Constitution and these acts

and conduct in discrimination and retaliation have been violations of the Equal Protection Clause and First Amendment for which Plaintiff Kirk seeks all appropriate relief under law.

124.    Plaintiff Kirk would show that she received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory and retaliatory intent on the part of Defendant Santa Cruz. *Taylor v. Johnson, 257 F. 3d 470, 473 (5th Cir. 2001).*

125.    Plaintiff Kirk would show that in regard to her retaliation claim based on an equal protection violation under Section 1983 that Defendants Santa Cruz and Gillard (1) acted under the color of state law, (2) took adverse employment action against her, (3) because Plaintiff Kirk complained of or otherwise opposed discrimination and the unlawful employment promotional practices; and filed a lawsuit, Kirk I against Defendant MDPS, Santa Cruz and Berry, infra.

126.    Plaintiff Kirk would seek judicial intervention and request that this Court utilize the injunctive authority to compel her promotion to the position of *Captain* as appropriate relief against the Agency – Defendant MDPS – and the Defendants Fisher and Gillard; and to provide such other and further relief, injunctive or otherwise to ensure the enforcement of the Federal Constitution's Fourteenth Amendment as to the Defendant MDPS and its designees; and to ensure that female officers that file charges or lawsuit are not subjected to retaliation and reprisal by his or her employer, Defendant MDPS.

## **COUNT V**

127.    Plaintiff Kirk re-alleges and hereby incorporates by reference and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained therein.

128.    Plaintiff Kirk would show that Defendant MDPS allowed Defendants Santa Cruz and Gillard to take adverse employment actions against her by deny her promotional opportunities as a result of Plaintiff Kirk's complaining or otherwise opposing discrimination and the unlawful employment promotional practices within the Defendant MDPS.

129.    Plaintiff Kirk would show that retaliation occurs when an employer takes action against an employee not because of his or her sex, but because she engaged in protected activity complaining about or otherwise opposing discrimination.  In the case, sub judice, Defendant MDPS engaged in such retaliation against Plaintiff Kirk in violation of Title VII and the Equal Protection Clause.

130.    Defendants MDPS, et al intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the Complaint of Plaintiff Kirk in violation of Title VII and this Court should enjoin the Defendant MDPS and its management team members from engaging in such unlawful employment practice, and this Court should order and direct such affirmative action as may be appropriate, which may include, but is not limited to, revamping of the interview and promotional policies of Defendant MDPS so as to not discriminate against candidates based upon their sex and gender or any other equitable relief as the court deems appropriate.

131.    Defendants MDPS, et al intentionally retaliated against Plaintiff Kirk in violation of Title VII and thus further engaged intentionally in an unlawful employment practice charged in the Complaint of Plaintiff Kirk and this Court should enjoin the Defendant MDPS and its management team members respondent from engaging in such unlawful employment practice, and this Court should order and direct such affirmative action as may be appropriate to prevent

the Defendant MDPS and its management team from engaging in such unlawful activity when an employee such as Plaintiff Kirk is subjected to discrimination in the workplace.

132.    Plaintiff Kirk requests that this Court enjoin Defendants MDPS, et al from engaging in acts of retaliation in violation of Title VII; and award such other  equitable relief as this Court deems appropriate.

## COUNT VI

133.    Plaintiff Kirk re-alleges and hereby incorporates by reference and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained therein.

134.    Plaintiff Kirk would show that the Defendant Gillard, by his actions and conduct, violated the equal protection rights of Plaintiff Kirk.  Defendant Gillard was personally involved in the deprivation and his actions in promoting Cunningham and Davenport was with deliberate indifference to the rights and entitlements of Plaintiff Kirk.   Defendant Gillard's own personal acts and omissions resulted on the constitutional deprivation claimed by Plaintiff Kirk; and Defendant Gillard's actions were intentional or with deliberate indifference.

135.    Defendant Gillard engaged in his actions and conduct deprived Plaintiff Kirk of equal protection under the Fourteenth Amendment to the United States Constitution and pursuant to *42 U.S.C. Section 1983*; and in the retaliation against Plaintiff Kirk for having engaged in a protected activity under Title VII.  That action deprived Plaintiff Kirk of a warranted promotion in April 2016 and Defendant Gillard intentionally and in a calculated manner, promoted male candidates, Anthony Cunningham and Richard Davenport in March 2016.

136.    Defendant Gillard at all material times was aware of the General Order 5.13 that provided for promotions to be based upon the skill, knowledge and professional experience and

that he manipulated the promotions in the Driver Services Division to promote the candidate of his choosing despite knowing that this process was defective, violated the Agency promotional polices, violated Title VII, violated Plaintiff Kirk's right to use tools provided by Congress to protect their rights under Title VII – that being the filing of a Charge with the EEOC and filing her lawsuit in Kirk I.

137.    Plaintiff Kirk would show that she received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent on the part of Defendant Gillard as a result of Plaintiff Kirk's sex and gender (female). *Taylor v. Johnson, 257 F. 3d 470, 473 (5th Cir. 2001).*

138.    Defendant Gillard's actions and conduct in manipulating the promotional process of the Agency was not objectively reasonable and caused Plaintiff Kirk to suffer discrimination and retaliation and a denial of her right to equal protection.   Plaintiff Kirk's right to equal protection under the Fourteenth Amendment was denied as she received treatment different from that received by Richard Davenport, and other male promotional candidates, when he, a male candidate, was promoted to Lieutenant by Defendant Gillard.

139.    Defendant Gillard's actions and conduct was also retaliatory as result of Plaintiff Kirk's opposition to unlawful sex and gender discrimination and her engaging in a protected activity – the filing of a Charge with the EEOC in regard to her disparate treatment in the promotional process of Defendant MDPS.

140.    As a result thereof, Plaintiff Kirk is entitled to actual, compensatory and punitive damages against Defendant Gillard.

## COUNT VII

141.    Plaintiff Kirk re-alleges and hereby incorporates by reference and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained therein.

142.    Plaintiff Kirk would show that the Defendant Santa Cruz, by his actions and conduct, violated the equal protection rights of Plaintiff Kirk. Defendant Santa Cruz was personally involved in the deprivation or his actions were causally related to the promoting Cunningham and Davenport and the end result of the denial of equal protection to Plaintiff Kirk.

143.    Defendant Santa Cruz engaged in his actions and conduct deprived Plaintiff Kirk of equal protection under the Fourteenth Amendment to the United States Constitution and pursuant to *42 U.S.C. §1983*; and in the retaliation against Plaintiff Kirk for having engaged in a protected activity under Title VII. That action deprived Plaintiff Kirk of a warranted promotion in April 2016 and Defendant Santa Crus recklessly allowed Defendant Gillard to promote both Cunningham and Davenport in March 2016. Defendant Santa Cruz's own personal acts and omissions resulted on the constitutional deprivation claimed by Plaintiff Kirk.

144.    Defendant Santa Cruz at all material times was aware of the General Order 5.13 that provided for promotions to be based upon the skill, knowledge and professional experience and that he allowed Defendant Gillard to manipulate the promotions in the Driver Services Division to promote the candidate of his choosing despite knowing that this process was defective and violated the Agency promotional polices; and that Defendant Santa Cruz's actions were intentional or with deliberate indifference.

145.    Defendant Santa Cruz's actions and conduct in manipulating the promotional process of the Agency was not objectively reasonable and caused Plaintiff Kirk to suffer

discrimination and retaliation and a denial of her right to equal protection.   Plaintiff Kirk's right to equal protection under the Fourteenth Amendment was denied as she received treatment different from that received by Richard Davenport, a male candidate, and other male candidates for promotion, when Davenport was promoted to Lieutenant by Defendant Gillard.

146.    Defendant Santa Cruz knew that Plaintiff Kirk received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent as a result of Plaintiff Kirk's sex and gender (female).  *Taylor v. Johnson, 257 F. 3d 470, 473 (5th Cir. 2001).*

147.    Defendant Santa Cruz's actions and conduct in condoning this promotional practice was not objectively reasonable but caused Plaintiff Kirk to suffer discrimination and retaliation and a denial of her right to equal protection.

148.    Defendant Santa Cruz's actions and conduct was also retaliatory as result of Plaintiff Kirk's opposition to unlawful sex and gender discrimination and her engaging in a protected activity – the filing of a Charge with the EEOC in regard to her disparate treatment in the promotional process of Defendant MDPS' and filing of her lawsuit in Kirk I.

149.    As a result thereof, Plaintiff Kirk is entitled to actual, compensatory and punitive damages against Defendant Santa Cruz.

## COUNT VIII

150.    Plaintiff Kirk re-alleges and hereby incorporates by reference and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained therein.

151.    Plaintiff Kirk would show that the promotional practices of the Defendant MDPS are persistent and widespread that this "practice" of promotions "is so permanent and well settled

so as to constitute a 'custom or usage' with the force of law" thereby generating policy of the Defendant MDPS. *Sorlucco v. New York City Police Dep't, 971 F. 2d 864 (2nd Cir. 1992).*

152.    Plaintiff Kirk would show that this promotional "policy" is a persistent practice when carried out by the policymakers themselves, by high-ranking officials, or even subordinate employees of the Agency.

153.    In the case, *sub judice*, Defendant Santa Cruz was the final policy-making authority and his personal involvement is sufficient to generate Section 1983 liability for his actions and those of Defendant Gillard. *Jett v. Dallas Independent School Dist. 491 U.S. 701, 737, 105 L. Ed 2d 598, 109 S. Ct. 2702 (1989).*

154.    Defendant MDPS used this perverted promotional "policy" to constitute a discriminatory practice that implied to other members of management the "constructive acquiescence" of senior policy-making officials to carry on this disparate promotional policy at the Defendant MDPS; with full knowledge of this practice being discriminatory towards females in the Driver Services Division and the Agency.

155.    As a result of this "custom or usage" by the Defendant MDPS, there was and is an "unconstitutional pattern or practice" of sex and gender discrimination with the Defendant MDPS within the Agency that resulted in the failure to promote female officers such as Plaintiff Kirk; and made necessary Plaintiff Kirk having no alternative but to seek outside assistance from the EEOC to address the disparate treatment within the Defendant MDPS. As a result of her doing so, Plaintiff Kirk was subjected to retaliation and reprisal.

156.    Plaintiff Kirk seeks a revamping of the promotional policies of the Defendant MDPS so as to ensure that this type of subjective and unlawful promotional practice does not occur in the future; and that female officers are given an equal opportunity for advancement

within the Agency; and that female officers be free of gender discrimination that violates Title VII and the Equal Protection Clause of the Fourteenth Amendment.

157.   Plaintiff Kirk would show that this "custom and usage" of the Defendant MDPS that constitutes disparate treatment and has a disparate impact on officers because of their sex and gender must be stopped. All officers of the Defendant MDPS that seek a promotional opportunity should have that decision-making of management based upon a *"candidate's skill, knowledge and professional experience"* and not based upon prohibited factors that are subjective reasoning and based upon bias, prejudice and favoritism.

158.   Defendant MDPS's promotional polices are discriminatory and this discrimination is intentional and with the spirit of disparate treatment and should be forbidden to continue in the future by this Court and this pattern and practice of sex and gender discrimination resulted in Plaintiff Kirk being unlawfully denied a promotion by the Defendants MDPS, Santa Cruz and Gillard.

159.   Defendant MDPS's intentional sex and gender discrimination that impacts females with the Agency that is intentional violates the Equal Protection Clause of the Fourteenth Amendment; and this Court should enjoin Defendant MDPS and its officials including Defendant Gillard from promoting candidates that violated General Order 5.13 and that constitutes intentional sex and gender discrimination towards females in the Agency.

## COUNT IX

160.   Plaintiff Kirk re-alleges and hereby incorporates by reference and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained therein.

161.   Plaintiff Kirk would show that public employees do not surrender all their First Amendment rights by reason of their employment.  Plaintiff Kirk was unlawfully denied a promotion in retaliation for exercising her First Amendment rights by Defendants MDPS, Santa Cruz and Gillard.

162.   Plaintiff Kirk avers that she is entitled to prevail on a First Amendment retaliation claim, as she (1) suffered an adverse employment decision; (2) was engaged in protected activity; and (3) there is the requisite causal relationship between the adverse action and protected activity.  *Jordan v. Ector County, 516 F.3d 290 (5th Cir. 2008).*

163.   Plaintiff Kirk would show that her lawsuit filed in July 2014 in Kirk I constituted a "protected activity" under the First Amendment and that the Defendants MDPS, et al responded with retaliation and reprisal that resulted in the unlawful denial of a promotion for Plaintiff Kirk.  *Grimm v. Borough of Norristown, 226 F. Supp. 2d 606 (E.D.Pa.2002).*

164.   Plaintiff Kirk would show that her protected speech is a matter of public interest, and was engaged in to "sufficiently inform the issue as to be helpful to the public in evaluating the conduct of government." *Schrier v. Univ. of Colo., 427 F.3d 1253, 1263 (10th Cir. 2005) (quoting Wilson v. City of Littleton, Colo., 732 F.2d 765, 768 (10th Cir. 1984)).*

165.   Plaintiff Kirk would show that she was subjected to retaliation and reprisal for having come forward both internally (grievances) and externally – going to the EEOC and filing a Charge and litigation her claim – challenging the malfeasance within the Defendant MDPS and it unlawful promotional practices in, *inter alia*, the Driver Services Division of the Defendant MDPS.

166.   Defendants MDPS, et al should be assessed actual and compensatory damages for the violations of the First Amendment rights of Plaintiff Kirk.

## COUNT X

167.    Plaintiff Kirk re-alleges and hereby incorporates by reference and makes a part hereto each and every one of the above numbered paragraphs, inclusive of the allegations of fact contained therein.

168.    Plaintiff Kirk would further show that the Defendant MDPS has further retaliated against her for filing the July 2014 lawsuit by failing and refusing to pay the judgment awarded to her in *Kirk v. Mississippi Department of Public Safety, et al,* Kirk I; and that despite a number of requests, Defendant MDPS has failed and refused to pay all or part of the Judgment rendered in Kirk I.

169.    Plaintiff Kirk would show that the monetary judgment of this Court in Kirk I has not been paid, as of this date, and that failure has caused Plaintiff Kirk to incur injury, damage and loss for which she seeks to recover in this action for the First Amendment retaliation. *Moore v. Huse, supra.*

170.    Defendants MDPS, et al should be assessed actual and compensatory damages for the violations of the First Amendment rights of Plaintiff Kirk.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** based on the foregoing allegations, Plaintiff Kirk requests the Court to assume jurisdiction over this cause, and upon a hearing of the merits in this cause, grant the following relief:

a.      Ordering and directing the Defendant MDPS to promote candidates based upon their ability, performance and objective factors rather than subjective decision- making that violates the intent and spirit of Title VII; and to compel the Defendant MDPS to abandon the unlawful promotional practices that allows for the promotion of candidates based upon unlawful

factors such as the sex and gender of a candidate; and violates the Equal Protection Clause of the Fourteenth Amendment.

      b.      Order and direct the Defendant MDPS to pay any and all back pay and benefits due Plaintiff Kirk and to promote her to the position that she would have held but for the discrimination and retaliation that she has been subjected to in violation of Title VII and the Equal Protection Clause;

      c.      Award Plaintiff Kirk a judgment against Defendant MDPS in the amount of $750,000.00 for her actual and compensatory damages to which she is entitled for injury, damage, and loss suffered as a result of Defendants' violation of 42 U.S.C. §§ 2000e; Title VII, and for retaliation in violation of Title VII; and violation of the First Amendment rights of Plaintiff Kirk and violation of the Equal Protection Clause of the United States Constitution;

      d.      Award Plaintiff Kirk all costs and attorney's fees pursuant to the relevant provisions of 42 U.S.C. §§ 2000e; and 42 U.S.C. Section 1988;

      e.      Grant a permanent injunction enjoining Defendant MDPS, its agents, employees, successors, assigns, and all persons in active concert or participation with them, from engaging in sexual discrimination in violation of 42 U.S.C. §§ 2000e and Title VII; and the Equal Protection Clause; and in regard to First Amendment retaliation;

      f      Grant a permanent injunction enjoining the Defendant MDPS its agents, employees, successors, assigns, and all persons in active concert or participation with them from intentionally engaging in unlawful employment practices; and engaging in subjective practices as in the case, *sub judice*, that have a "disparate impact" on female applicants and female employees of the Defendant MDPS in violation of Title VII;

g.     Award a judgment against Defendants Santa Cruz and Gillard in an amount of compensatory damages as determined by the jury for violation of Plaintiff Kirk's equal protection rights in violation of the United States Constitution under 42 U.S.C. Section 1983; and the assessment of compensatory damages as provided for by law for the deprivations caused Plaintiff Kirk and for punitive damages in an amount to be determined by the Court and jury to deter such intentional conduct from occurring in the future and as a result of the deliberate indifference of Defendants Santa Cruz and Gillard for their actions in the case, *sub judice*;

h.     Award Plaintiff Kirk all such other and further relief as may be necessary and proper and to which she is otherwise entitled pursuant to the provisions of 42 U.S.C. §§ 2000e and pursuant to Title VII; and Plaintiff Kirk also seeks any and all other appropriate relief as she may be entitled under the claims brought herein in this her Complaint filed in this action against Defendants MDPS, Santa Cruz, Fisher and Gillard; and

i.     Order and direct the Defendants MDPS not to retaliate against Plaintiff Kirk in violation of her First Amendment rights by refusing to pay the monetary judgment entered in Kirk I.

**RESPECTFULLY SUBMITTED**, this the 14th day of February, 2018.

**OLA KIRK, PLAINTIFF**

BY: _____

**JOHN M. MOONEY, JR.**
**HER ATTORNEY**

**LAW OFFICES OF JOHN M. MOONEY, JR., PLLC**
John M. Mooney Jr.
208 Waterford Square, Suite 100
Madison, Mississippi 39110-6857
Telephone: (601) 981-9555
Facsimile:  (601) 981-7922
MBN 3431
Email: john@jmooneylaw.com

**ATTORNEY FOR PLAINTIFF, OLA KIRK**

## REQUEST FOR TRIAL BY JURY

Plaintiff, **OLA KIRK**, by and through counsel, respectfully requests this Court to grant

her a trial by jury of her peers.

**RESPECTFULLY SUBMITTED**, this the 4th day of February, 2018.

**JOHN M. MOONEY, JR.**
**ATTORNEY FOR PLAINTIFF,**
**OLA KIRK**